## FULTON et v GRIFFITH, Admr

Common Pleas Court, Fayette County

No 17504.   Decided May 19, 1932

Hon. Gilbert Bettman, Attorney General, Columbus, Rell G. Allen and E. L. Bush, Washington C. H., for plaintiffs in error.

Troy T. Junk, Washington C. H., for defendant in error.

RANKIN, J.

The question for determination is, Are the fees for services performed by the attorney for the administrator, in connection with the sale of real estate to pay debts of a decedent entitled to priority over a mortgage claim, where the mortgagee purchases the realty at judicial sale for a sum insufficient to discharge his mortgage claim?

Addams & Hosford in the new Ohio Probate Practice and Procedure at page 914 answer the above question in the affirmative. In the last edition of Deibel's Ohio Probate Practice, Section 1118 and note, it is stated in effect that the new section does not make any change in the law on this question. In **Volume 18 O Jur at page 750, §740**, it is said that it would seem to be the rule under the new probate code that attorney fees would not be entitled to such preference. . . .

The solution of this question depends upon a construction of §10510-46 GC, which became effective January 1, 1932, the pertinent portion of which section provides:

"The money arising from the sale of real estate shall be applied as follows:

"1. To discharge the costs and expenses of the sale, **including reasonable fees for services performed by attorneys for the fiduciary in connection with the sale,** and the commission of the executor or administrator thereon for his administration.

"2. To the payment of mortgages, judgments and tax liens" etc.

By comparing the above section with the former analagous §10809 GC we find that there has been no substantial change, except that the portion of the former section which we have underscored (printed in bold type) was not included in the old section.

The question as to the right of an executor or administrator to collect compensation under like circumstances was determined by the Supreme Court in an early case which has been repeatedly followed in this state. The case to which we refer is that of Stone v Strong, 42 Oh St 53, in which it was held that:

"If a mortgagee, whose lien is fixed by the court, becomes the purchaser at such sale, the executor or administrator is not entitled to a percentum compensation on that part of the purchase money applicable to the satisfaction of his mortgage."

On page 57 of the opinion in the above case the court say:

"Can he charge a percentum on the amount of the purchase money going to a lienholder who is the purchaser?

"We think not. His percentum is to be computed on, 'the money arising from the sale', for, 'his administration of the same.'

"Where no money arises, to be administered, there is nothing on which to compute commissions. This percentage was intended to compensate for the trouble and responsibility of collecting and paying out the money. . . . Here the mortgage is the purchaser, and so far as the purchase money is applicable to her liens, it operates as a satisfaction of her mortgages."

We thus see that the Supreme Court has held that where a mortgagee becomes the purchaser of real estate at a judicial sale for an amount less than his mortgage claim, the purchase money is directly applied to the mortgage lien and operates as a satisfaction of such mortgage. That case, therefore, expressly holds that under such facts there is no "money arising from the sale."

The above case was followed by the Supreme Court in the case of **Andrews, assignee v Johns, et al, 59 Oh St 75.** In that case it was held that:

"The term 'proceeds of real estate sold', found in §6357, R. S., implies money arising from the sale actually received and accounted for as such by the assignee."

On page 76 the court say that the term "money arising from the sale of real estate", is synonymous with the term, "proceeds of the real estate sold."

On page 71 the Court say:

"The term 'proceeds' when used in connection with sale, . . means a sum of money derived from the sale of property. If money be derived from the sale, then it has yielded 'proceeds,' and an order distributing such 'proceeds' may follow; if none have been so derived then there are no funds in the hands of the court for distribution. . . But where no proceeds have been collected and accounted for, the proper order would seem to be one which would provide for such necessary costs as the statute authorizes, and satisfaction of the liens, and for a conveyance which will vest in the purchaser all the title of the assignor at the time of the assignment, and thus close out the trust as regards that piece of property, and not an order attempting to distribute that which is not within the control of the court. Now where the land exposed for sale by an assignee, which is incumbered by a mortgage constituting a first lien has been bid in by the mortgagee for a sum less than the amount owing on his mortgage, there can be no 'proceeds' in the sense of money for distribution, for the legal effect of the bid and sale, followed by confirmation and deed, is only to satisfy the mortgage, and the debt pro tanto, and vest in the mortgagee, purchaser, the equity of redemption of the assignor, and is not to produce a fund for distribution. It has never been the law or practice in this state to require a mortgagee, purchasing under such circumstances, to pay the amount of his purchase either to the officer making the sale, nor into court. The reason is that having already the legal title subject to the equity of redemption of the mortgagor, the purchaser is in a sense the owner, and requires only a satisfaction in a legal manner of the equity of redemption, and of any subsequent liens, followed by possession, in order to give him a complete title to the land."

**Sec 10510-46 GC** provides that:

"The money **arising from the sale** of real estate shall be applied", etc. But under

the state of facts which we are considering there was no "money arising from the sale and consequently nothing out of which the court was authorized to order payment of attorney fees. Where real estate is sold at judicial sale and the mortgagee bids in the premises for an amount less than his mortgage such sale amounts to nothing more than a satisfaction of the "mortgage, and the debt pro tanto" and extinguishment of the equity of redemption. Under such facts, as we have seen, the purchaser, mortgagee, is required to pay nothing because of his purchase, except such costs as ordinarily are incurred in foreclosure proceedings. In this case the conditions in each of the mortgages had been broken and the mortgagees were the legal owners of the real estate and the only interest which the decedent had therein was an equity of redemption. By the purchase by the mortgagees they simply retained that which was alread theirs.

The costs which a mortgagee is required to pay, under such circumstances are discussed in the case of **Andrews, Assignee v Johns, et al, supra**, at page 79:

"The court having found that the land was bid off by the owner of the first lien for a sum less than his debt, taxes and costs, an order that the purchaser pay such taxes as were due, and such costs as might properly be required of him under the statute, which would be such costs, and such only, as were made necessary by the foreclosure, and upon such payment a deed be made by the assignee, would have met the situation as it existed and worked out the proper result."

See also: **Insurance Company v Dennull, 21 Oh Ap 363, 365**.

Prior to the adoption of the Probate Code it was held, in the case of **Klimper v Klimper, 12 Oh Ap 332; 31 O C A 267**, that where property was purchased at administrator's sale by one other than the mortgagee, the fees of the attorney were entitled to preference over a mortgage claim on the land so sold. That decision was based upon "the provisions of §10809 GC, and upon authority of **Stone v Strong, 42 Oh St 53**". In other words that court held that the term "costs **and expenses** of the sale," found in old §10809 GC, included attorneys' fees.

Still, in a later case decided by the same Court of Appeals, being the case of **Watson, Admx v Watson, 24 Oh Ap 45, 156 N E 241** (Motion to certify overruled in 25 O L Rep 224) it was held, that:

"In sale of property by administratrix, fees of administratrix and her attorney cannot be charged as against mortgagee of property, who becomes purchaser at judicial sale, on that part of purchase money applicable to satisfaction of his mortgage."

It would seem that these two cases can be reconciled only upon the one theory, that in the Klimper case there was money arising from the sale, while in the Watson case there was no money so arising.

So, we see that, according to the decisions of the Court of Appeals of the First Appellate District, the adoption of the new Probate Court has no effect whatever in the solution of the question we are now considering.

The Court of Appeals of the First District, also say, after commenting on the case of Stone v Strong, supra, and **Young v Stone, 55 Oh St 125**, in the case of **Insurance Co v Dennull, 21 Oh Ap**, at page 365:

"It seems to us that the two cases above cited settle the question that when property is sold at a judicial sale and bid in by the mortgagee for a sum that only satisfies its mortgage, and when the mortgagee pays such costs as it would be compelled to pay in a foreclosure action, the court does not have authority to compel the mortgagee to pay an attorney's fee as in partition."

By the enactment of §10510-46 GC, we fail to find any apparent attempt on the part of the legislature to place attorneys' fees on a higher plane than the compensation of the executor or administrator. It would, therefore, seem that the rule of law which denies to the fiduciary the right to compensation in such cases would also preclude allowance of attorneys' fees in like cases.

By a new section in the Probate Code, §10510-10, the legislature provided that the fees of the executor or administrator and of his attorney shall be a charge only against the interest of the decedent in cases where there is a sale of a fractional interest of the decedent in connection with the sale of the other interests in real estate.

The Probate Court ordered payment of an attorney fee of $89.00 in connection with the sale of the property bid in by the Superintendent of Banks and then found there was a deficiency on the bank's mortgage of $65.89. This being true there was money arising from the sale in the amount of $23.11, which should be ordered paid pursuant to §10510-46.

The judgment of the court below will be

reversed, and the cause remanded, with instructions to disallow the attorney's fees except as above noted.